# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:18 CV 213

| | |
|---|---|
| **ROBERT V. WILKIE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION** |
| **HOMESITE INSURANCE COMPANY,** ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

This matter is before the Court upon Plaintiff's Motion for Partial Summary Judgment (Doc. 10)[1], which has been referred to the undersigned for a recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons addressed below, the undersigned recommends that Plaintiff's Motion be DENIED WITHOUT PREJUDICE.

## I. Relevant Procedural Background

On July 27, 2018, Plaintiff, proceeding *pro se*, filed the instant action. See Compl. (Doc. 1).

On September 14, 2018, Defendant filed its Answer (Doc. 9).

On October 3, 2018, Plaintiff filed the instant Motion for Partial Summary Judgment (Doc. 10).[2]

---

[1] The document appearing as Document 10 in the record contains multiple titles but for ease of reference will be referred to as Plaintiff's Motion for Partial Summary Judgment.

[2] Plaintiff failed to file a brief supporting the Motion. See LCvR 7.1(c) ("A brief must be filed contemporaneously with the motion[.]").

On October 16, 2018, Defendant filed a Memorandum in Opposition (Doc. 13).

No reply has been filed by Plaintiff, and the time for such filing has expired.

**II.     Legal Standard**

Pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, a party is entitled to summary judgment if the movant "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The existence of some alleged factual dispute between the parties will not defeat a motion for summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986); Bouchat v. Baltimore Ravens Football Club, Inc., 346 F.3d 514, 519 (4th Cir. 2003). Rather, there must be a genuine issue of material fact. Dash v. Mayweather, 731 F.3d 303, 310-11 (4th Cir. 2013).

**III.    Discussion**

Defendant argues that Plaintiff's Motion for Partial Summary Judgment should be denied because it is "significantly premature." Def.'s Oppos. (Doc. 13) at 1. Defendant notes the parties have not had an initial discovery conference and that a Scheduling Order has not been issued, such that they are not able to engage in Court-enforceable discovery. Id. Defendant therefore argues that it would be "fundamentally unfair and unjust" for the Court to entertain Plaintiff's Motion for Partial Summary Judgment at this time. Id.

The undersigned agrees. Summary judgment is usually inappropriate "where the parties have not had an opportunity for reasonable discovery." E.I. Du Pont de Nemours & Co. v. Kolon Indus., Inc., 637 F.3d 435, 448-49 (4th Cir. 2011); accord Anderson, 477 U.S. at 250 n.5. An objection on this basis by a nonmoving party may be raised through

2

the filing of an affidavit or declaration pursuant to Federal Rule of Civil Procedure 56(d), formerly Rule 56(f). Fed. R. Civ. P. 56(d); see Harrods Ltd. v. Sixty Internet Domain Names, 302 F.3d 214, 244 (4th Cir. 2002). Strict compliance with the Rule 56(d) affidavit or declaration requirement is not mandated, however, where the nonmoving party, through no fault of its own, has had little opportunity to engage in discovery. Id.; Nader v. Blair, 549 F.3d 953, 961 (4th Cir. 2008).

In the instant case, while Defendant has not submitted a Rule 56(d) affidavit or declaration, it is evident from the record that Defendant, through no fault of its own, has had little opportunity to conduct discovery. The instant motion was filed less than three months after the filing of Plaintiff's Complaint, and, as Defendant points out, before the parties have conducted an initial discovery conference or received a Pretrial Order. While summary judgment motions, by either party, may be appropriate as the litigation develops, Plaintiff's motion seeking partial summary judgment should be considered premature at this stage.

## IV. Conclusion

In light of the foregoing, the undersigned respectfully recommends that Plaintiff's Motion for Partial Summary Judgment (Doc. 10) be **DENIED WITHOUT PREJUDICE**.

Signed: November 19, 2018

W. Carleton Metcalf
United States Magistrate Judge

## **Time for Objections**

The parties are hereby advised that, pursuant to Title 28, United States Code, Section 636(b)(1)(C), and Federal Rule of Civil Procedure 72(b)(2), written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen** (**14**) days of service of same.  **Responses to the objections must be filed within fourteen (14) days of service of the objections.**  Failure to file objections to this Memorandum and Recommendation with the presiding District Judge will preclude the parties from raising such objections on appeal.  See Thomas v. Arn, 474 U.S. 140, 140 (1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).